IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Craig B. Shaffer

Civil Action No. 14-cv-01664-PAB-CBS

SHARON DUTKEVITCH,

        Plaintiff,

v.

GREELEY/WELD COUNTY HOUSING AUTHORITY,

        Defendant.

---

**RECOMMENDATION THAT ACTION BE DISMISSED WITHOUT PREJUDICE DUE TO PLAINTIFF'S FAILURE TO APPEAR, FAILURE TO KEEP THE COURT INFORMED OF HER CURRENT ADDRESS, AND FAILURE TO PROSECUTE**

---

Magistrate Judge Shaffer

This matter comes before the court pursuant to a General Order of Reference to United States Magistrate Judge issued by District Judge Philip A. Brimmer on April 6, 2015. (*See* Doc. 15). For the following reasons, the court recommends that the case be dismissed without prejudice for failure to prosecute.

## BACKGROUND

On June 13, 2014, Plaintiff filed her Complaint and an application to proceed *in forma pauperis*, pursuant to 28 U.S.C. § 1915. (*See* Docs. 1 & 3). On June 17, 2014, this court entered an Order granting Plaintiff's motion to proceed without prepayment of fees or costs. (Doc. 4). This Order was mailed to Plaintiff at 1145 Main Street, R 30 FL, Pittston, PA; however, the Order was returned as undeliverable. (See Docs. 7 & 9). The Clerk of Court then resent a copy

1

of the court's Order to Plaintiff at 1145 Main Street, Rear Third Floor L, Pittston, PA 18640. (Doc. 8).

On November 4, 2014, the court scheduled a telephone status conference for December 8, 2014 (Doc. 10); however, Plaintiff failed to appear for the conference. (Doc. 12). After noting that the Defendant had apparently not been served, the court issued an order to show cause why the case should not be dismissed for failure to prosecute. *Id*. Plaintiff was instructed to submit her written explanation by January 15, 2015. *Id*. She failed to respond. (*See* Doc. 13).

On April 7, 2015, after a review of the filings and Plaintiff's address of record, the court concluded that the previous correspondence had been mailed to an incorrect address. (Doc. 16). Consequently, the court resent copies of the previous orders to Plaintiff at 114 S. Main Street, R3FL, Pittston, PA 18640.[1] *Id*. The court again notified Plaintiff that no proof of service had been filed as to the named Defendant, and ordered her to file a written explanation as to why the case should not be dismissed for failure to prosecute. *Id*.  The mailing to this new address was also returned to the court as undeliverable. (Doc. 19). No change of address has ever been filed with the court.

## DISCUSSION

Although Plaintiff is proceeding without an attorney, she nonetheless bears the responsibility of prosecuting her case with diligence. While a court must liberally construe pro se filings, a litigant's pro se status does not relieve her of her obligation to comply with the rules of civil procedure. *Green v. Dorrell*, 969 F.2d 915, 917 (10th Cir. 1992); *see also Nielsen v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994).

---

[1] The Clerk of Court also attempted to resend the previous orders to Plaintiff at 114 South Main Street, Rear, 3rd Floor, Pittston, PA 18640. (Doc. 18). As of the date of this order, the Clerk's mailing has not been returned to the court.

The Federal Rules of Civil Procedure give the district court ample tools to deal with a recalcitrant litigant.  *See Jones v. Thompson*, 996 F.2d 261, 264 (10th Cir. 1993). Rule 41(b) allows a defendant to move for dismissal of an action if the plaintiff fails to prosecute or to comply with a court order. *See id.*; *see also Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1161 (10th Cir. 2007). Although the language of Rule 41(b) requires a defendant to file a motion to dismiss, this Rule has long been interpreted to permit courts to dismiss actions *sua sponte* for a plaintiff's failure to prosecute or comply with procedural rules or court orders. *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-33 (1962).  Furthermore, Rule 16(f) provides that when a party or his attorney fails to appear at a pretrial conference or fails to comply with a pretrial order, the court may "issue any just order, including those authorized by Rule 37(b)(2)(A)(ii)-(vii)." Fed. R. Civ. P. 16(f). In turn, Rule 37(b)(2)(A)(v) permits the court to sanction a party by "dismissing the action or proceeding in whole or in part."

Plaintiff has not contacted the court formally or informally since June 13, 2014, the date this case was opened. Although there was initially some confusion regarding Plaintiff's address, copies of all relevant orders have since been mailed to Plaintiff at the address listed in her complaint. And Plaintiff was given additional time to respond to the court's show cause order. However, these mailing continue to be returned as undeliverable.

D.C.Colo.LAttR 5(c) requires that any change of address (or other contact information) be noticed to the Court within five days of such change. Thus, plaintiffs have a continuing obligation to keep the court apprised of any changes in their contact information. Because Plaintiff has failed to update her present contact information, the court has no means of contacting her in connection with this litigation.

Furthermore, there is no indication that Plaintiff has served a copy of the Complaint in this matter upon the Defendant within the time limit set forth in the Federal Rules. Pursuant to Rule 4(m), "[i]f a defendant is not served within 120 days after the complaint is filed, the court — on motion or on its own after notice to the plaintiff — must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m). The court has repeatedly attempted to inform Plaintiff regarding this service requirement.

Because this case is nearly a year old and — aside from filing the Complaint — no action has been taken, it is clear that Plaintiff has no intention of seeking resolution of this matter on the merits. She has not updated her personal contact information with the court, and she has failed to serve the Complaint within the requisite time. For these reasons alone, dismissal of the action without prejudice is warranted.

## CONCLUSION

WHEREFORE, for the foregoing reasons and the entire record herein, and pursuant to Fed. R. Civ. P. 41(b), the court RECOMMENDS this case be dismissed without prejudice for Plaintiff's failure to prosecute this action.

## ADVISEMENT TO THE PARTIES

Within fourteen days after service of a copy of the Recommendation, any party may serve and file written objections to the Magistrate Judge's proposed findings and recommendations with the Clerk of the United States District Court for the District of Colorado. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *In re Griego*, 64 F.3d 580, 583 (10th Cir. 1995). A general objection that does not put the district court on notice of the basis for the objection will not preserve the objection for *de novo* review. "[A] party's objections to the magistrate judge's

report and recommendation must be both timely and specific to preserve an issue for *de novo* review by the district court or for appellate review." *United States v. Once Parcel of Real Prop. Known As 2121 East 30th Street, Tulsa, Okla.*, 73 F.3d 1057, 1060 (10th Cir. 1996). Failure to make timely objections may bar de novo review by the district court of the magistrate judge's proposed findings and recommendations and will result in waiver of the right to appeal from a judgment of the district court based on the proposed findings and recommendations of the magistrate judge. *See Vega v. Suthers*, 195 F.3d 573, 579-80 (10th Cir. 1999) (a district court's decision to review a magistrate judge's recommendation de novo despite the lack of an objection does not preclude application of the "firm waiver rule"); *One Parcel of Real Prop.*, 73 F.3d at 1059-60 (a party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve the issue for de novo review by the district court or appellate review); *Int'l Surplus Lines Ins. Co. v. Wyo. Coal Ref. Sys., Inc.*, 52 F.3d 901, 904 (10th Cir. 1995) (by failing to object to certain portions of the magistrate' judge's order, cross-claimant had waived its right to appeal those portions of the ruling); *Ayala v. United States*, 980 F.2d 1342, 1352 (10th Cir. 1992) (by their failure to file objections, plaintiffs waived their right to appeal the magistrate judge's ruling); *but see, Morales-Fernandez v. INS*, 418 F.3d 1116, 1122 (10th Cir. 2005) (firm waiver rule does not apply when the interests of justice require review).

DATED at Denver, Colorado, this 4th day of June, 2015.

BY THE COURT:

s/Craig B. Shaffer
United States Magistrate Judge